IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANUEL PENA-SANCHEZ,     )
      Petitioner,     )     Civil Action No. 12-195 Erie
           )
v.     )     District Judge Sean J. McLaughlin
           )     Magistrate Judge Susan Paradise Baxter
BOBBY L. MEEKS,     )
      Respondent.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by federal prisoner Manuel Pena-Sanchez be dismissed and that this case be closed.

**II.    REPORT**

    **A.    Background**

Petitioner commenced this habeas action on or around September 27, 2012. He is a federal inmate currently serving his sentence at the Federal Correctional Institution in McKean, Pennsylvania. On December 30, 2010, he was arrested by the Boston Police and charged with Larceny Over $250. After his arrest, he remained in state custody until his guilty plea and sentencing. On December 31, 2010, the United States Immigration and Customs Enforcement ("ICE") lodged a detainer against Petitioner with the state and local law enforcement authorities. He was sentenced on January 20, 2011, in municipal court to a 21-day term of imprisonment, which was deemed served and completed upon imposition. On that same day, Petitioner was released into ICE custody.

On February 17, 2011, Petitioner was released from ICE custody to the United States Marshals Service to await the processing of federal criminal charges. On October 18, 2011, he was sentenced in

1

the United States District Court for the District of Massachusetts to a 29 month term of imprisonment for Illegal Reentry, in violation of 8 U.S.C. § 1326. His federal sentence commenced upon imposition on October 18, 2011.

In his petition [ECF No. 6], which he filed pursuant to 28 U.S.C. § 2241, Petitioner claims that his federal sentence was incorrectly computed by the Federal Bureau of Prisons ("BOP") because he was not given credit for the time he spent in the custody of the ICE prior to being taken into custody by the BOP (that is, from January 21, 2011, through October 17, 2011). On December 14, 2012, in lieu of filing an Answer, Respondent filed a Notice of Suggestion of Mootness. [ECF No. 16]. It was explained therein that on November 19, 2012, due to an audit prompted by this habeas case, the BOP reviewed Petitioner's Judgment and Commitment file to determine the dates he was in ICE custody prior to the commencement of his federal sentence. As a result of the audit, the BOP recalculated Petitioner's federal sentence so that he now is receiving 270 days of prior custody credit pursuant to 18 U.S.C. § 3585(b) for all the time that he served in ICE custody from January 21, 2011, through October 17, 2011.

B.  **Discussion**

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added), citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-

78 (1990) and Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); In re Overland Park Fin. Corp., 236 F.3d 1246, 1254 (10th Cir. 2001), quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992) for the proposition that a case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party."

Applying the above precepts to this case, the petition is moot. As set forth above, as a result of its recent audit, the BOP has recalculated Petitioner's federal sentence so that he is not receiving credit for all of the time he spent in ICE custody from January 21, 2011, through October 17, 2011. Therefore, the relief Petitioner sought against Respondent has now been granted, and the petition must be dismissed as moot. See Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot.[1]

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by

3

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 26, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge

---

the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).